Mr. Justice James
delivered the opinion of the Court:
On the nth day of July, 1877, the petitioner obtained in this court an absolute divorce from the defendant on the ground of desertion, and a decree that he should pay to her alimony at the rate of $125 per month until January 1, 1878, and after that date at the rate of $50 per month. On November 16, 1878, the defendant filed a petition for the suspension of the decree for alimony, on the ground of his loss of ‘ ‘faculties.” On July 6, 1879, it was ordered by the court, with the consent of the solicitors of both parties, that the payment of alimony should be suspended 1 ‘until it is shown to the satisfaction of the court that the defendant’s pecuniary circumstances and resources are such as to justify the payment of such alimony.” That decree closed with the following *553 words: “It is the purpose of this order to relieve the defendant from the payment of alimony until his income shall, in the opinion of the court, justify the payment thereof.”
On the igth of January, 1880, the complainant filed a petition for the recision of this order of suspension, but no action appears to have been taken by the court thereupon. In March, 1885, the complainant filed another petition, alleging that the defendant was then in prosperous circumstances, and praying that a decree not merely for renewal of payment, but for increased alimony, should be granted. To this petition the defendant answered that his income had largely increased, and at that time amounted to about $4,000 per annum.
Testimony was taken in this proceeding, and the defendant undertook to show that, since, the passing of the original decree, the petitioner had been guilty of leading an immoral life, and was not therefore entitled to maintenance by him.
It was urged at the argument that the principle that one seeking the aid of a court of equity must appear to have himself behaved properly in the matter in dispute, is applicable to the position of the petitioner when she asks for the aid of this court in renewing the operation of its decree.
We are of opinion that the rule referred to is not applicable to such a case. One who seeks the enforcement of an adjudication is not in the same position with a party who seeks to have a right adjudicated. The petitioner is not in any sense engaged in showing a right to alimony; she is seeking the enforcement of a decree, and an enforcement upon terms and conditions determined by the judgment of the court. By a decree of this court she stands adjudicated to have a right to alimony on the simple _ condition that she shall show that the defendant is able to pay it. Her right to alimony qua alimony is not the subject-matter of inquiry; her right to the complete operation of the concluded judgment of the court is the matter presented now, and we are not aware of any principle of equity which authorizes a court of equity to consider whether a party has not forfeited an adjudicated right, even though the adjudication of that right was originally dependent on good conduct.
*554 There is another reason why the rule that an application for aid must be presented to a court of equity by "clean hands” cannot be objected to the complainant’s petition. The technical position of parties as complainant and defendant is not always important in determining their attitudes; and in this case the defendant is substantially asking to be relieved from a decree on the ground that the defendant has, by her subsequent misconduct, lost the right adjudicated to her. He certainty cannot vouch in support of that contention the principle that the complainant must come into court with clean hands. It is to him that we should find ourselves actually affording relief by vacating this decree.
Whether that kind of relief can be granted in any case, on the ground of subsequent misconduct of the divorced wife, has been the subject of consideration in a number of cases, and possibly remains in doubt. But the authorities justify at least this conclusion, namely, that nothing less than proven inchastity would be ground for such relief. And as to the charge that the petitioner h,as, since the original decree or since her petition for its renewed enforcement was filed, led an unchaste life, we have only to say that it has not been proven. Certainty the gossip clipped from a newspaper has no tendency to prove it. We distinctly decline, however, to consider the particulars of the evidence,
Our conclusion is that, inasmuch as the one condition provided by the decree itself has been made out, the operation of the decree must be renewed.
It was suggested at the argument that we should also decree the payment of all arrears since the filing of the present petition in 1885. These would amount to more than $4,000.
Proof that defendant was able to pay, out of his annual earning, as much as $600, does not show ability to pay this aggregate sum as a debt. We think we are justified in using our best judgment under the circumstances presented in this record, and that we should go back only to the date of the appeal in this case.

The decree of the coitrt below is reversed.